IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIFEPORT SCIENCES LLC, and
LIFESCREEN SCIENCES LLC,
                    Plaintiffs,
       v.

COOK, INC. and
COOK MEDICAL LLC,
                    Defendants.

C.A. No. 13-cv-362-GMS

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION RULING

Plaintiffs respectfully submit this response in opposition to Defendants' Motion for Reconsideration (D.I. 96) of the Court's Claim Construction ruling (D.I. 92).

Under the legal standards Defendants cite, the Motion for Reconsideration should be denied. "In this district, these types of motions are granted only if it appears that the court has patently misunderstood a party, has a made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *ISCO Int'l, Inc. v. Conductus, Inc.*, 2003 U.S. Dist. LEXIS 3262, *2–3 (D. Del. Mar. 6, 2003) (citing *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)). Moreover, "motions for reconsideration should not be used to rehash arguments already briefed." *Id.* at *3 (internal quotations omitted).

Defendants simply repeat arguments they have already presented to the Court. Defendants' first argument, respecting the relationship between the "control means" and "displacement member" limitations, was among Defendants' primary arguments in their original briefing. *See* D.I. 68 at 14–15 ("the only difference between claim 1 of Cathcart '193 and Claim 6 of Cathcart '347 is the substitution of the words 'displacement member' for 'control means.'"). Defendants' second argument, respecting the mechanics of the presumption and the impact of

*Williamson v. Citrix Online, LLC*, 115 U.S.P.Q.2d 1105 (Fed. Cir. 2015), has been presented in Defendants' original briefing and in their Notice of Subsequent Authority. D.I. 68 at 11–12, 15–16; D.I. 83. Defendants' third argument, respecting the weight of the Opolski declaration, has been presented in Defendants' original briefing as well as the voluminous slide decks Defendants presented during oral argument. D.I. 68 at 11–12, 15–16; D.I. 97-2 at 25–26, 49–50; *see also* Markman Tr. 121:11–16, May 27, 2015, D.I. 80.

Not only do Defendants repeat their arguments, but the Court addressed most of those arguments in its decision. The Court quoted and applied the appropriate standard for the presumption from the *Williamson* decision. D.I. 92 at 8 n.13. The Court also accurately observed that the "control means" and "displacement member" limitations "are different in one key respect: the recitation of the word 'means,' the 'statutory signal' for the patentee's intent to invoke means-plus function claiming." *Id.* at 9 n.13.

It appears Defendants' motion stems primarily from their dissatisfaction with the Court's citation to the Opolski declaration. Defendants have failed to demonstrate, however, or even to explain, how this justifies the drastic remedy of reconsideration under the stringent standards that apply. In the original briefing, Defendants criticized Opolski's declaration as "conclusory" and "speculative." D.I. 68 at 12, 15. Defendants' new submissions merely rehash and elaborate upon this same criticism, adding nothing of substance. At his deposition, Mr. Opolski did not retract, or even retreat from, the opinion on which the Court relied.

Moreover, "there is no need to grant a motion for reconsideration if it would not alter the court's initial decision." *ISCO Int'l*, 2003 U.S. Dist. LEXIS 3262, *3. The Court's analysis of this term focused primarily on the intrinsic record. D.I. 92 at 8 n.13. The Court looked to the extrinsic Opolski declaration only as "confirming" its conclusion based on the intrinsic record.

Cook has presented no evidence to justify second-guessing the intrinsic record, much less sufficient evidence to do so on a motion for reconsideration.

In sum, Defendants' motion simply rehashes arguments already presented to the Court. The motion should be denied.

| | |
|---|---|
| DATED:  August 10, 2015 | Respectfully submitted, |
| | FARNAN LLP |
| | /s/ Brian E. Farnan |
| | Joseph J. Farnan, III (Bar No. 3945) |
| | Brian E. Farnan (Bar No. 4089) |
| | 919 North Market Street, 12th Floor |
| | Wilmington, Delaware 19801 |
| | (302) 777-0300 |
| | (302) 777-0301 (Fax) |
| | bfarnan@farnanlaw.com |

Philip C. Ducker (*pro hac vice*)
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
Tel. (650) 813-4800

Derek J. Brader (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel. (215) 994-4000

OF COUNSEL:
Martin J. Black
Kevin M. Flannery
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel. (215) 994-4000

*Counsel for Plaintiffs LifePort Sciences LLC and LifeScreen Sciences LLC*